IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-HC-2019-FL

| | |
|---|---|
| DWIGHT LAMAR SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KENNY ATKINSON, Warden, FCC ) | |
| Butner Low Security, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's amended motion to dismiss, (DE 18). Petitioner did not respond to the motion. For the reasons stated below, the court grants the motion and dismisses without prejudice the petition.

## BACKGROUND

On January 16, 1996, a federal jury convicted petitioner of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). United States v. Sanders, No. 4:95-CR-92-P (N.D. Tex. Jan. 16, 1996). On April 19, 1996, the United States District Court for the Northern District of Texas ("sentencing court") sentenced petitioner to 327 months' imprisonment. Id. (Apr. 19, 1996). The sentencing court determined petitioner qualified for the Armed Career Criminal Act ("ACCA") sentencing enhancement based on his prior burglary and murder convictions. On February 28, 1997, the United States Court of Appeals for the Fifth Circuit affirmed petitioner's judgment of conviction. United States v. Sanders, No. 96-10471, 1997 WL 115353 (5th Cir. Feb. 28, 1997).

On August 14, 1998, petitioner filed motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. United States v. Sanders, No. 4:95-CR-92-P (N.D. Tex. Aug. 14, 1998). The sentencing court denied the motion on April 20, 1999. Id. (Apr. 20, 1999).

On May 20, 2016, petitioner, acting through counsel, requested authorization from the Fifth Circuit to file successive § 2255 motion. In re Sanders, No. 16-10642 (5th Cir. May 20, 2016). Petitioner's proposed successive § 2255 motion challenged his ACCA sentencing enhancement pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), arguing that his prior murder convictions no longer qualify as violent felonies under the ACCA. Id. On June 8, 2016, the Fifth Circuit granted the motion. Id. (June 8, 2016). Petitioner filed the successive § 2255 motion on June 20, 2016, and the motion remains pending. United States v. Sanders, No. 4:95-CR-92-P (N.D. Tex. June 20, 2016).

On January 17, 2019, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his ACCA enhancement on the ground that his burglary conviction no longer qualifies as an ACCA predicate. On August 16, 2019, respondent filed the instant motion to dismiss the petition pursuant to Federal Rule Civil Procedure 12(b)(1). Petitioner did not respond to the motion.

## DISCUSSION

A.     Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion may either 1) assert the complaint fails to state

2

facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B. Analysis

Petitioner is attacking the legality, rather than the execution of, his sentence. The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Section 2255 is inadequate and ineffective to the test the legality of a sentence when:

> 1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

3

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). If petitioner cannot satisfy the foregoing requirements, the court lacks jurisdiction to consider the petition. Id. at 426; see also Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1340 (11th Cir. 2013).

Petitioner cannot satisfy the second element of the Wheeler test. Petitioner relies exclusively on United States v. Herrold, 883 F.3d 517, 520 (5th Cir. 2018), cert. granted, judgment vacated, 139 S. Ct. 2712 (2019), to challenge his sentence under § 2241. According to petitioner, Herrold establishes his Texas conviction for burglary of a habitation no longer qualifies as an ACCA predicate. The United States Supreme Court, however, vacated the Fifth Circuit's judgment in Herrold, and remanded for reconsideration in light of Quarles v. United States, 139 S. Ct. 1872 (2019). 139 S. Ct. at 2712. On remand, the Fifth Circuit determined that the Herrold petitioner's burglary conviction is a valid ACCA predicate conviction. United States v. Herrold, 941 F.3d 173 (5th Cir. 2019) (en banc). Accordingly, because the first Herrold decision no longer is good law, petitioner has not demonstrated that a retroactively applicable change in law renders his sentence illegal.[1]

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). The court therefore denies a certificate of appealability.

---

[1] Petitioner does not challenge his remaining ACCA predicate convictions in the instant § 2241 petition. As noted, the Fifth Circuit granted petitioner's application to file successive § 2255 motion challenging his prior murder convictions as ACCA predicates, and thus petitioner cannot show that § 2255 is inadequate or ineffective with respect to those convictions.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's amended motion to dismiss, (DE 18), and DISMISSES WITHOUT PREJUDICE the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge